Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-35

| | | |
|---|---|---|
| IVETTE RODRÍGUEZ RAMOS<br><br>Peticionaria<br><br>V.<br><br>ALEIDA RODRÍGUEZ VEGA, ALEIDA RODRÍGUEZ RAMOS, JULIO RODRÍGUEZ VEGA, LUCILA RODRÍGUEZ VEGA, NEFTALI RODRÍGUEZ RAMOS, ORLANDO RODRÍGUEZ VEGA Y SOLEDAD RAMOS<br><br>Recurridos | TA2025CE00070 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2021CV00407<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece la señora Ivette Rodríguez Ramos, (señora Rodríguez Ramos o peticionaria) y nos solicita revocar dos (2) determinaciones emitidas por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). Primero, una *Resolución y Orden* emitida el 18 de junio de 2025 en la que denegó la solicitud de la peticionaria para descalificar al licenciado Orlando I. Martínez García y ordenó al Ministerio Público entregar copia del expediente de una querella de violencia doméstica presentada por la señora Rodríguez Ramos.[1] Segundo, una *Resolución* emitida el 30 de junio de 2025 por la Jueza Administradora Regional, Hon. Heidi D. Kiess Rivera, en la que denegó la moción de inhibición del juez que presidió los procesos.[2]

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] Entrada 281 del caso AR2021CV00407 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 23 de junio de 2025.

[2] *Íd.*, Entrada Núm. 286. Notificada el 30 de junio de 2025. Hacemos constar que la señora Rodríguez Ramos nos solicitó revisar unas *Resoluciones y Minutas emitidas los días 3, 23 y 24 de junio de 2025*. Sin embargo, dichas fechas no coinciden con las que obran en el expediente.

**I.**

Este caso se originó el 31 de marzo de 2021, cuando la señora Rodríguez Ramos —quien indicó ser sordomuda— presentó una *Demanda* sobre partición de herencia contra el señor Julio Rodríguez Vega, el señor Orlando Rodríguez Vega, la señora Lucila Rodríguez Vega, la señora Aleida Rodríguez Vega (hermanos Rodríguez Vega), así como la señora Soledad Ramos Ocasio, el señor Neftalí Rodríguez Ramos y la señora Aleida Rodríguez Ramos como herederos del señor Neftalí Rodríguez Vega (herederos del señor Rodríguez Vega o recurridos).[3] En la misma, reclamó la partición de herencia y la adjudicación del tercio de mejora otorgado por sus abuelos en sus testamentos. Señaló que al dividirse la herencia de su abuelo no se le adjudicó dicho tercio.

El 19 de julio de 2021, los herederos del señor Rodríguez Vega contestaron la *Demanda* y arguyeron que no participaron en los acuerdos de partición de las herencias objeto del caso.[4]

Posteriormente, el 13 de enero de 2022, los hermanos Rodríguez Vega presentaron su *Contestación a demanda, defensas afirmativas y reconvención.*[5] Entre otras alegaciones, adujeron que la señora Rodríguez Ramos sabía leer y escribir.

Tras varias incidencias procesales, el 13 de enero de 2025, comenzó el juicio en su fondo.[6]

El 29 de mayo de 2025, en pleno juicio, el licenciado Martínez García, abogado de los hermanos Rodríguez Vega, alegó haber visto a la señora Rodríguez Ramos utilizar su teléfono celular durante un receso.[7] De la minuta surgió que el Foro Primario retuvo el dispositivo provisionalmente y lo devolvió al concluir que no existía base jurídica para revisar su contenido.

---

[3] *Íd.*, Entrada 1 de SUMAC.
[4] *Íd.*, Entrada 24 de SUMAC.
[5] *Íd.*, Entrada 37 de SUMAC.
[6] *Íd.*, Entrada 245 de SUMAC. Hacemos constar que el juicio sigue en curso.
[7] *Íd.*, Entrada 269 de SUMAC.

Al día siguiente, los herederos del señor Rodríguez Vega solicitaron copia de una querella por violencia doméstica presentada por la señora Rodríguez Ramos contra el señor Rodríguez Santiago, para probar su capacidad de leer y escribir.[8]

Subsiguientemente, el 4 de junio de 2025, la peticionaria solicitó la descalificación del licenciado Martínez García como representante legal de los recurridos al sostener que este se convirtió en testigo del caso por declarar que la observó utilizando su teléfono durante el receso.[9]

El 11 de junio de 2025, la señora Rodríguez Ramos presentó una *Oposición a solicitud de orden al Ministerio Público para entregar expediente sobre querella*.[10] En esta, alegó que no se trataba de un caso de índole criminal para que el Ministerio Público tuviese el deber de informar cualquier prueba. Asimismo, esgrimió que la etapa de descubrimiento de prueba había concluido años atrás y que las partes debían ceñirse en la prueba obtenida hasta ese entonces, aunque reconoció el derecho a presentar prueba de impugnación.

Más adelante, el 16 de junio de 2025, los hermanos Rodríguez Vega se opusieron a la solicitud de descalificación del licenciado Martínez García.[11] En síntesis, expusieron que el abogado actuó legítimamente al contrainterrogar a la señora Rodríguez Ramos sin convertirse en testigo. A su vez, indicaron que el licenciado Martínez García no prestó juramento ni fue interrogado. Añadieron que el representante legal de los herederos del señor Rodríguez Vega fue quien inicialmente notificó el uso del celular.

El 18 de junio de 2025, el TPI emitió una *Resolución y Orden* en la que ordenó al Ministerio Público entregar copia del expediente de la querella de violencia doméstica presentada por la señora

---

[8] *Íd.*, Entrada 265 de SUMAC.
[9] *Íd.*, Entrada 271 de SUMAC.
[10] *Íd.*, Entrada 277 de SUMAC.
[11] *Íd.*, Entrada 278 de SUMAC.

Rodríguez Ramos.[12] Esto, al entender que subsistía una controversia neurálgica sobre su capacidad de leer y escribir. Señaló que las preguntas del directo relativas a la lectura de testamentos, firma de documentos y reclamos dependían de ello y resultaba pertinente conocer cómo se comunicó con los oficiales del orden público y fiscales en dicho proceso. Además, declaró No Ha Lugar la solicitud de descalificación del licenciado Martínez García, al concluir que este no pretendía ser testigo, sino que, en su contrainterrogatorio, confrontó a la testigo en relación con la controversia sobre su capacidad de leer y escribir.

Insatisfecha, el 24 de junio de 2025, la señora Rodríguez Ramos solicitó la inhibición del Juez que presidía los procedimientos, Hon. Santiago Cordero Osorio.[13] En su solicitud argumentó que el juzgador custodió su celular en un sobre sellado, por lo que se convirtió en un testigo material que podía ser interrogado con relación a la custodia y manejo del dispositivo, siendo incompatible con su función.

En igual fecha, los recurridos se opusieron a la solicitud de inhibición del Juez al entender que carecía de fundamentos jurídicos válidos y buscaba dilatar los procedimientos.[14] Además, arguyeron que los planteamientos fácticos no constituían causal de inhibición ni afectaba la imparcialidad judicial. Puntualizaron que el mero hecho de que el juzgador ejerciera su función de supervisar la prueba y controlar el desarrollo del juicio no lo convertía en testigo.

El 30 de junio de 2025, la Jueza Administradora Regional emitió una *Resolución,* en la que denegó la solicitud de inhibición de la peticionaria por no estar juramentada, según exigía la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.2.[15]

---

[12] *Íd.*, Entrada 281 de SUMAC. Notificada el 23 de junio de 2025.
[13] *Íd.*, Entrada 282 de SUMAC.
[14] *Íd.*, Entrada 283 de SUMAC.
[15] *Íd.*, Entrada 286 de SUMAC.

Inconforme, el 2 de julio de 2025, la señora Rodríguez Ramos presentó el recurso que nos ocupa, en el que señaló que el TPI cometió los siguientes errores:

**PRIMER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO HABER DECLARADO CON LUGAR UNA MOCIÓN DE DESCALIFICACIÓN DEL LCDO. ORLANDO MARTÍNEZ POR ESTE HABERSE CONVERTIDO TESTIGO MATERIAL EN EL QUE ÉL REPRESENTA A PARTE DE LOS CO-DEMANDADOS EN EL MISMO CASO, YA QUE ESTE MANIFESTÓ QUE VIO A LA DEMANDANTE-RECURRENTE, LA CUAL ES SORDO-MUDA, UTILIZAR SU TELÉFONO MÓVIL DURANTE UN RECESO DE SALA, LO QUE DICHO TESTIMONIO, MOTIVÓ AL JUEZ A QUE ORDENARA AL ALGUACIL DE SALA A OCUPAR EL TELÉFONO DE ESTA, EXPRESANDO EL JUEZ PARA RÉCORD, QUE SI LA TESTIGO NO DABA UNA CONTESTACIÓN EMPÍRICA QUE SATISFICIERA AL TRIBUNAL, YA HABIENDO CONTESTADO VARIAS OCASIONES QUE, "SOLO SABÍA LEER Y ESCRIBIR UN POQUITO" IBA A TENER QUE ABRIR EL CELULAR PARA REVISAR SU CONTENIDO Y CORROBORAR SI [PODÍA] COMUNICARSE CON OTRAS PERSONAS DE MANERA NORMAL.

**SEGUNDO ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR, LA SOLICITUD PRESENTADA POR EL LCDO. JUAN OJEDA ARNAU, MEDIANTE MOCIÓN ESCUETA Y CARENTE DE FUNDAMENTO LEGAL, PARA ORDENAR AL FISCAL DE DISTRITO DE ARECIBO, EXPEDIR COPIA DE UN EXPEDIENTE DE UNA QUERELLA SOBRE UN ALEGADO INCIDENTE DE LEY 54, PARA ESTE IMPUGNAR LA CREDIBILIDAD DE LA DEMANDANTE-RECURRENTE.

**TERCER ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR UNA RESOLUCIÓN DECLARANDO NO HA LUGAR UNA SOLICITUD DE INHIBICIÓN DEL JUEZ QUE PRESIDE EL JUICIO, YA QUE DICHA SOLICITUD HECHA POR EL ABOGADO QUE SUSCRIBE, NO ESTUVO JURAMENTADA POR LA PARTE DEMANDANTE-RECURRENTE.

En esencia, la peticionaria subrayó que el licenciado Martínez García estaba inhabilitado para representar a sus clientes en el caso por convertirse en testigo al pretender declarar sobre su capacidad de comunicarse. Alegó que su actuación generó un conflicto de intereses que vició el procedimiento y motivó que el TPI ocupara su teléfono. Además, reiteró que era improcedente exigir al Ministerio Público copia del expediente del caso de violencia doméstica, ya que no era un proceso criminal, la etapa de descubrimiento de prueba había concluido y el Foro *a quo* carecía de facultad para ordenar la producción de prueba a terceros. Planteó que el TPI abusó de su

discreción y aparentó parcialidad a favor de los recurridos al invocar que la prueba era necesaria para la impugnación. Finalmente, adujo que no aplicaba la Regla 63 de Procedimiento Civil, *supra*, R. 63, ya que al estar en el contrainterrogatorio, su abogado no podía comunicarse con ella, por lo que no juramentó la solicitud de inhibición.

Por su parte, el 18 de julio de 2025, los herederos del señor Rodríguez Vega se opusieron a la expedición del auto de *certiorari*. En su comparecencia, plantearon que el licenciado Martínez García cumplió con sus deberes éticos al informar al Tribunal que la testigo utilizó su celular durante el receso, en contravención a sus instrucciones. A su vez, manifestaron que la solicitud del expediente del caso de violencia doméstica era pertinente para impugnar la credibilidad de la peticionaria respecto a su capacidad de leer y escribir. Esgrimieron que dicha controversia no era previsible antes del juicio, en vista de que la señora Rodríguez Ramos había contestado los interrogatorios sin alegar limitaciones de lectura y escritura. Por último, alegaron que el juez no estaba inhabilitado para continuar presidiendo los procedimientos, ya que el teléfono permaneció en custodia del alguacil, sellado y sin ser revisado.

De igual forma, el 21 de julio de 2025, los hermanos Rodríguez Vega presentaron su *Oposición a la expedición del auto de certiorari*. Manifestaron que los planteamientos de error de la peticionaria no versaron sobre los méritos del caso, sino en ataques a los funcionarios judiciales, abogados y juez para anular el procedimiento. Indicaron que no era oportuno que se utilizara este recurso para entorpecer un juicio en curso, sin exponer errores sustanciales que causaran una crasa injusticia. Puntualizaron que se trataba de un caso ordinario de liquidación de herencia —no de relaciones de familia— sin interés público ni situación alguna que justificara la intervención inmediata de este Tribunal hasta esperar a

la apelación. Respecto al teléfono, señalaron que la señora Rodríguez Ramos lo entregó voluntariamente al alguacil y que impropiamente acusó al juez de convertirse en testigo, pese a que este no evaluó el contenido del dispositivo.

**II.**

**A. *Certiorari***

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita taxativamente las instancias en que procede expedir el auto de *certiorari* en asuntos interlocutorios civiles. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Así, solo procede revisar resoluciones u órdenes bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Como excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público u otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Si el asunto interlocutorio no se encuentra dentro de estas instancias, el Tribunal carece de autoridad para intervenir. Su propósito es evitar la dilación que implicaría la revisión inmediata de controversias que pueden atenderse en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra*, pág. 486.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), R. 40, establece los criterios que orientan el ejercicio de nuestra facultad discrecional para atender una petición de *certiorari.* A saber, este Tribunal debe evaluar:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari,* no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra,* pág. 336. En tal caso, esta Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra,* pág. 405.

**III.**

La señora Rodríguez Ramos alegó que el TPI erró al denegar la solicitud de descalificación del licenciado Martínez García, así como la petición de inhibición del juez que preside el juicio. Además, adujo que el Foro Primario incidió al ordenar al Ministerio Público entregar copia del expediente de la querella por violencia doméstica.

De una rigurosa evaluación del expediente, se desprende que las controversias señaladas ante nos se desarrollaron en el contexto de un proceso ordinario de partición de herencia en el que surgieron incidentes relacionados con la capacidad de la peticionaria de leer y

escribir. Ello justificó que el TPI adoptara medidas interlocutorias que recaían sobre su sana discreción en el manejo del caso para evaluar la credibilidad y capacidad de la testigo.

Por otro lado, la solicitud de inhibición del juez carecía de juramentación, requisito indispensable según la Regla 63.2 de Procedimiento Civil, *supra*, R. 63.2. Dicha disposición establece lo que sigue:

> **Toda solicitud de recusación será jurada** y se presentará ante el juez recusado o jueza recusada dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. **Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o la jueza podrá continuar con los procedimientos del caso.** *Íd.* (Énfasis nuestro).

La falta de juramentación constituyó un defecto procesal esencial que privaba de efecto legal a la moción de inhibición y autorizaba al juez a continuar el curso normal del juicio. Además, la custodia del teléfono estuvo a cargo del alguacil, y el juez no accedió a su contenido, lo que demostró que no existió causal de inhabilitación ni afectación a la imparcialidad judicial.

Estas actuaciones y determinaciones no constituyeron abuso de discreción, ni representaron vulneración de los derechos de las partes ni error en la aplicación del derecho, parcialidad o perjuicio sustancial. En consecuencia, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, nuestra intervención en esta etapa de los procedimientos es improcedente. Por cuanto, denegamos la expedición del auto de *certiorari.*

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones